# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> THE BLACK & DECKER CORPORATION, BLACK & DECKER INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC., <br><br> Defendants. | CIVIL ACTION <br> NO. 96-10804-DPW |

COPY

**OPPOSITION OF LIBERTY MUTUAL INSURANCE COMPANY
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Ralph T. Lepore, III (BBO #294420)
Robert A. Whitney (BBO #545675)
Kenneth R. Brown (BBO #557052)
Karen R. Sweeney (BBO #557050)
Peter J. Duffy (BBO #566682)
WARNER & STACKPOLE LLP
75 State Street
Boston, MA 02109
(617) 951-9000

Based on the foregoing, the Defendants' Motion for Summary Judgment must be denied as to the Simpsonville Site. Moreover, summary judgment must enter in favor of Liberty Mutual.

L.   **The Main Street Site, Medway, Massachusetts**

Liberty Mutual is entitled to summary judgment as to the Medway Site because: (1) there has been no "suit" for damages within the meaning of the policies; (2) there was no property damage at the Medway Site; and (3) the owned property exclusion bars coverage under the USM policies. Liberty Mutual's Memorandum at 253-254.

As an initial matter, the Defendants' Memorandum concedes that Liberty Mutual provided Defendants with a defense as to this site, subject to reservation of rights with respect to any indemnity obligation. Defendants' Memorandum at 188-189. Therefore, the issue as to any duty to defend is moot.

The Defendants mistakenly suggest that they merit summary judgment on indemnity because they contend that the Notice of Responsibility dated January 10, 1995 ("NOR") alone somehow triggered a duty to indemnify. The undisputed facts as previously set forth in Liberty Mutual's Memorandum, however, conclusively establish that the NOR merely states that the DEP received "an anonymous complaint" that <u>alleged</u> that one or more underground storage tanks ("UST"), an above-ground storage tank ("AST"), and drums stored at the Medway Site were leaking oil or hazardous materials. Liberty Mutual's Memorandum at 252. However, the NOR further stated that as a result of its investigation, the immediate response action needed to be conducted was <u>only</u> to contain and remove approximately 80 unlabeled drums and to eliminate the threat or release of hazardous materials from the AST and USTs at the Medway Site. <u>Id.</u> Nowhere in this relatively specific NOR is there a mention of <u>any</u> "release" of

contaminants resulting in property damage. See NOR, dated January 10, 1995; Defendants' Appendix LVI (56) at 103-110; Liberty Mutual's Exhibit Binder 28 at Tab 24.

Based on the foregoing, Defendants' Motion for Summary Judgment must be denied as to the Medway Site. Moreover, summary judgment must enter in favor of Liberty Mutual.

M.   The PAS/Oswego Site, Oswego, New York

As set forth in Liberty Mutual's Memorandum, all claims as to the PAS/Oswego Site should be dismissed because Liberty Mutual has previously agreed to provide the Defendants coverage with respect to the site and Defendants' Memorandum concedes as much. As such, there is no dispute among the parties. Liberty Mutual's Memorandum at 255.

N.   The PAS/Fulton Site, Fulton, New York

All claims as to the PAS/Fulton Site should be dismissed because Emhart and Liberty Mutual have agreed to a compromise of this claim whereby Liberty Mutual agreed to assume fifty percent (50%) of all defense and indemnification costs with respect to the site. Liberty Mutual's Memorandum at 255-256.

Defendants' Memorandum concedes that Liberty Mutual has agreed to assume a "portion" of the costs. Defendants' Memorandum at 132-133. Moreover, it cannot be disputed that Emhart agreed to this compromise. See Letter of Donald Nilson to George Goodridge, dated April 27, 1987; Liberty Mutual's Exhibit Binder 26, at Tab N-1; and Deposition of Donald Wilson, dated December 22, 1997, at 122; Liberty Mutual's Exhibit Binder 26, at Tab N-2.

Accordingly, because there remains no dispute among the parties as to coverage for this site, all claims with respect to this site should be dismissed pursuant to Rule 41.

to the pollution exclusion. Liberty Mutual's Memorandum at 259. The Defendants, however, have not moved for summary judgment with respect to the PAS/Irwin Site.

VII.  **The Defendants Have Failed To Prove That They Are Entitled To Summary Judgment On The Long Term Exposure Claims**

In their motion for summary judgment, the Defendants seek summary judgment with respect to five of the seven active long-term exposure claims at issue in this action. Each of those long-term exposure claims allegedly involves multiple plaintiffs who were injured by exposure to various products of the Defendants or their predecessors in interest. Specifically, the Defendants state that they are entitled to summary judgment that Liberty Mutual had a duty to defend the Defendants with respect to the Arkansas Hearing Loss Long-Term Exposure Claim, the Mississippi Hearing Loss Long-Term Exposure Claim, the Maritime Hearing Loss Long-Term Exposure Claim, the Mississippi Hand/Arm Vibration Long-Term Exposure Claim and the Alwell Long-Term Exposure Claim. See Defendants' Motion at ¶2. The Defendants further state that they are entitled to a declaration that Liberty Mutual owes a duty to indemnify the Defendants with respect to each of the above-listed long-term exposure claims. The Defendants' contentions are wrong for several reasons.

First, the Defendants' motion for summary judgment on the duty to defend with respect to these claims is moot as Liberty Mutual previously agreed to provide a defense to the Defendants with respect to each of these claims. See Liberty Mutual Memorandum at 1-2 n. 1. Second, with respect to Liberty Mutual's purported duty to indemnify these claims, the Defendants' motion must be denied, and summary judgment should be entered in favor of Liberty Mutual, because